IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Helen White, ) | |
| ) | Civil Action No. 8:04-0663-SB-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the plaintiff's Motion to Reopen Case and Entry of New Judgment. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(a) DSC, all pretrial matters regarding the disposition of Social Security cases are referred to a United States Magistrate Judge for consideration.

The Honorable Sol Blatt, Jr. entered judgment on July 21, 2004, in this case, under sentence four of 42 U.S.C. § 405(g). In the remand Order, dated July 20, 2004, the court ordered that the case be remanded to the Commissioner for further administrative proceedings. The court directed that the ALJ should determine whether the plaintiff's impairments met or equaled the requirements of Section 12.05C of the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. Finally, the court indicated that the ALJ should obtain evidence from a medical expert to assist in evaluating the issues in the case. Critically, counsel for both the Commissioner and the plaintiff agreed that the case would be remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Mot. Remand, July 13, 2004 ("[Plaintiff's counsel] stated that Plaintiff would consent to this motion.").)

Notwithstanding, the plaintiff now requests that the Court reopen her case and enter a new judgment under sentence six of 42 U.S.C. § 405(g). In support, she relies heavily upon the Eleventh Circuit decision in *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996) for the proposition that a case may be remanded pursuant to both sentences four and six of Section 405(g).[1] The Court agrees that *Jackson* stands for the proposition that it is permissible for a district court to remand on a dual basis. There is, however, no case adopting this same conclusion as the law of the Fourth Circuit and the ultimate propriety of *Jackson* is still in doubt. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) ("[R]emand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, *or* conform with the requirements outlined by Congress in sentence six." (emphasis added)).

Additionally, in *Jackson*, the original order of the district court provided two bases for remand without ever expressly identifying the sentence, four or six, to which the remand was pursuant. *See id*. at 1090. In contrast, this present case was remanded expressly on the basis of sentence four. If the plaintiff disagreed with a remand on that basis, she should have either declined to consent to the motion, originally, or timely requested that the court reconsider its 2004 Order. The time to make that request has long since expired. *See* Fed. R. Civ. P. 59(e).

---

[1] To remand under sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim. *See* 42 U.S.C. § 405(g). The second reason for remanding a case under Section 405(g) is found in sentence six of that subsection. Sentence six authorizes a district court to remand a case upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *See* id.
   A sentence-six remand differs from a sentence-four remand in both purpose and jurisdictional effect. *See Jackson*, 99 F.3d at 1095. A sentence-six remand does not result from any error by the Commissioner. *Id*. A sentence-six remand is warranted even in the absence of any error by the Commissioner if new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at his original hearing. *See* 42 U.S.C. § 405(g).

Moreover, the Court disagrees that a truly dual basis was even presented in the remand order. The Commissioner, with the consent of the plaintiff, requested remand of the case to resolve "conflicts in the evidence . . . ." (Mem. Supp. Mot. Remand at 1.) The primary and specific basis for remand was to determine whether the plaintiff's impairments met or equaled Listing 12.05C. There is no indication that the remand was requested or granted *because* expert testimony had not been taken, in the first instance; rather the Order simply permitted additional expert testimony to be taken upon remand to assist in evaluating properly the Listing issue – the actual basis for remand. The Court disagrees that sheer permission to procure additional evidence – by itself – converts the remand into one pursuant to sentence six, when the predicate basis for remand is actually error of the ALJ in failing to analyze the Listing. *See Jackson*, 99 F.3d at 1095 ("A sentence-six remand is warranted even in the absence of any error by the Commissioner . . . ."); 42 U.S.C. § 405(g). Any such permission is not "new evidence" as contemplated by sentence six. *See, e.g., Borders v. Heckler*, 777 F.2d 954, (4th Cir. 1985) (holding that sentence six requires that new evidence be recently discovered). Even if it were, the prerequisite finding of "good cause" for failure to present new evidence, at a prior proceeding, was never made. *See Sargent v. Sullivan*, 1991 WL 160091, at *2 (4th Cir. August 22, 1991); *Melkonyan*, 501 U.S. at 100-02 (holding that a sentence six remand must include a finding that there is new evidence and that there was good cause for failing to present the evidence earlier).

## **CONCLUSION**

Wherefore, IT IS RECOMMENDED, based upon the foregoing, that the plaintiff's motion to reopen case and for new judgment should be DENIED.

IT IS SO RECOMMENDED.


                                        s/Bruce H. Hendricks
                                        United States Magistrate Judge

September 7, 2006.

Greenville, South Carolina